## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM R. JOHNSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA and )<br>INTERNAL REVENUE SERVICE, )<br>)<br>Respondents. ) | Misc. Action No. 05-31 Erie |

### MEMORANDUM OPINION

On September 30, 2005, Internal Revenue Service ("IRS") Agent Donna Lavelle, issued an administrative summons to Northwest Savings Bank, in Warren, Pennsylvania, for records of accounts in the names of the William R. Johnson, Capital Consultants, Inc., Capital Consultants Company, Westland Equities and Pristine Management Group. See Petition Ex. 1. On October 19, 2005, Petitioner, William R. Johnson, filed a Petition pursuant to 26 U.S.C. § 7609(b) seeking to quash the summons. Respondents, the United States of America and the IRS, move to dismiss the Petition for failure to state a claim.

The IRS has been granted the authority to issue an IRS administrative summons for the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or collecting any such liability. 26 U.S.C. § 7602(a). In order to accomplish this purpose, the IRS may summon third party record keepers to appear and produce documents as may be relevant or material to such inquiry. 26 U.S.C. § 7602(a)(2). Pursuant to § 7609(b), a taxpayer may bring an action in federal court to quash an IRS summons issued to a third party record keeper.

Ordinarily, when a taxpayer moves to quash a third party summons, the government moves simultaneously to enforce compliance with the summons. 26 U.S.C. § 7609(b)(2)(A). In order to establish a prima facie case for enforcement, the government must show: (1) the summons was issued for a legitimate purpose; (2) the inquiry may be relevant for that purpose; (3) the information sought is not already within the government's possession; and (4) the administrative steps required by the IRS for issuance and service of the summons have been

1

followed.  See United States v. Powell, 379 U.S. 48, 57-58 (1964).  Once the government establishes a prima facie case, the petitioner must show sufficient facts to establish a defense to the summons.  Cosme v. Internal Revenue Service, 708 F. Supp. 45, 48 (E.D.N.Y. 1989).

However, the government is not required to move to enforce the summons.  Instead, the government may move to dismiss the petition to quash and rely on third party compliance with the summons.  Hogan v. United States, 873 F. Supp. 80, 82 (S.D.Ohio 1994); Cosme, 708 F. Supp. at 48; Jungles v. United States, 634 F. Supp. 585, 586 (N.D.Ill. 1986); Domestic Executive Leasing Services, LLC. v. United States 2005 WL 1155161 at *1-2 (D.Nev. 2005).  When the government moves to dismiss the petition, such a motion "mirrors a 12(b)(6) motion to dismiss for failure to state a claim."  Cosme, 708 F. Supp. at 48.  Therefore, the government is not required to establish a prima facie case as set forth in United States v. Powell, 379 U.S. 48, 57-58 (1964).  Knauss v. United States, 28 F. Supp. 2d 1252, 1254 (S.D.Fla. 1998).  Rather, "the burden shifts immediately to the petitioner to establish a valid defense to the summons."  Wilde v. United States, 385 F. Supp. 2d 966, 968 (D.Az. 2005) (quoting Cosme, 708 F. Supp. at 48); Knauss, 28 F. Supp. 2d at 1254.  We therefore examine Petitioner's Petition pursuant to the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure.

For the purposes of a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), this Court accepts as true all well-pleaded factual allegations in the complaint, and construes the complaint in a light most favorable to the plaintiff and determines whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief."  Colburn v. Upper Darby Township, 838 F. 2d 663, 665-66 (3rd Cir. 1988), cert. denied, 489 U.S. 1065 (1989) (citations omitted).  The court, however, need not accept as true legal conclusions or unwarranted factual inferences.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The proper inquiry is "whether relief could be granted ... 'under any set of facts that could be proved consistent with the allegations.'"  Gasoline Sales, Inc. v. Aero Oil Co., 39 F.3d 70, 71 (3rd Cir. 1994) (quoting National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994)).  If no cause of action can be identified, dismissal is proper.

Petitioner raises several arguments in support of his request that the summons be quashed.  He first contends that the summons is overbroad and infringes upon his constitutional

rights. We disagree. Section 7602(a) grants the IRS broad and expansive authority to gather information when conducting tax investigations. United States v. Bisceglia, 420 U.S. 141, 149 (1975). In light of this broad statutory authority to investigate, we are of the opinion that the material being sought is potentially relevant to Petitioner's tax liabilities. Moreover, we reject Petitioner's suggestion that the agent be required to "submit an affidavit to support a position of the substantial existence of probable cause." See Petition p. 4. The IRS's power to investigate is not limited to situations where there is probable cause. Bisceglia, 420 U.S. at 145; Powell, 379 U.S. at 50 (the government need make no showing of probable cause to suspect fraud).

Finally, the Supreme Court has rejected Fourth Amendment and/or Fifth Amendment challenges to summons' issued to third parties. In United States v. Miller, 425 U.S. 435 (1976), the respondent argued that a subpoena served on his bank was the equivalent of a search and seizure of his 'private papers' and therefore violated the Fourth Amendment. Id. at 442. The Court rejected this position, finding that there was no legitimate expectation of privacy concerning information kept in bank records. Id. Consequently, no Fourth Amendment rights of the depositor were implicated by the issuance of a summons to a third party to obtain records of the depositor. Id. at 444. Likewise, in Fisher v. United States, 425 U.S. 391, 408 (1976), the Court held that a summons served on a third party record keeper to produce papers prepared in connection with its business transactions with a taxpayer under investigation did not rise to the level of testimony within the protection of the Fifth Amendment.

Petitioner next argues that the summons is defective since neither the signature of the agent nor her manager "attests that the document was made under penalties of perjury." See Petition p. 4. He claims that pursuant to § 26 U.S.C. § 6065 such attestation is required. This section, entitled "Verification of returns", states, in relevant part: "any return, declaration, statement or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury." 26 U.S.C. § 6065. Petitioner suggests that the term "other document" includes a summons issued by the IRS.

The statute only requires taxpayers filing tax returns or other documents to do so under penalty of perjury. Vaira v. Commissioner of Internal Revenue, 444 F.2d 770, 777 (3rd Cir.

3

1971). It does not apply to notices issued by the IRS. Kaetz v. Internal Revenue Service, 2002 WL 1772623 at *2 (M.D.Pa. 2002); Cermak v. United States, 116 F.3d 1482, 1997 WL 312261 at *2 (7th Cir. 1997) (unreported) ("The phrase 'required to be made' limits the applicability of § 6065 to documents that must be filed with the IRS, and not documents issued by the IRS."); Nordbrock v. United States, 173 F. Supp. 2d 959, 968 (D.Az. 2001) (§ 6065 applies to verifying tax returns); Morelli v. Alexander, 920 F. Supp. 556, 558 (S.D.N.Y. 1996) (provision does not apply to notices issued by IRS agents). We therefore find no merit to this argument.

  Finally, Petitioner claims that the summons did not comply with the provisions of the Right to Financial Privacy Act, 12 U.S.C. §§ 3401-22. However, the terms of the Act (which Petitioner concedes), states that "[n]othing in this chapter prohibits the disclosure of financial records in accordance with procedures authorized by Title 26." 26 U.S.C. § 3412(c). Petitioner contends that because the IRS failed to comply with the verification requirement set forth in 26 U.S.C. § 6065, the summons was not made in accordance with the proper procedures. Since we have rejected Petitioner's challenge with respect to the verification requirement, this argument provides Petitioner no relief.

  In summary, Petitioner has failed to establish a valid defense to the summons. Accordingly, we shall grant the Respondent's motion to dismiss, and deny Petitioner's Petition to Quash. An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM R. JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Misc. Action No. 05-31 Erie |
| ) | |
| UNITED STATES OF AMERICA and ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Respondents. ) | |

## ORDER

AND NOW, this 2nd day of December, 2005, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that Respondents' Motion to Dismiss Petition to Quash Summons [Doc. No. 4] is GRANTED.  IT IS FURTHER ORDERED that Petitioner's Petition to Quash Internal Revenue Service Third Party Summons [Doc. No. 1] is DENIED, and the action is DISMISSED with prejudice.  The clerk is directed to mark the case closed.

                                                        s/ Sean J. McLaughlin
                                                        United States District Judge

cc: All parties of record.